Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| EAGLE POLICE LLC<br><br>Parte Recurrida<br><br>v.<br><br>CVG, LLC, ELIAB RODRÍGUEZ DORTA, SUTANA DE TAL Y OTROS<br><br>Demandados<br><br>**RAMÓN E. ORTIZ CORTÉS, SARA ALIZO ALIQUE**<br><br>**Parte Peticionaria** | TA2025CE00177 | Certiorari procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2025CV00011<br><br>Sobre: Cobro de Dinero – Ordinario, Incumplimiento de Contrato, Fraude de Acreedores, Daños, Acción Rescisoria, Acción Resolutoria |

Panel integrado por su presidente, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Rodríguez Flores, juez ponente.

### RESOLUCIÓN

En San Juan, Puerto Rico, a 3 de septiembre de 2025.

Comparece el Sr. Ramón E. Ortiz Cortés y su esposa, Sra. Sara Alizo Alique (en conjunto, esposos Ortiz-Alizo), y solicitan que revoquemos la resolución emitida el 3 de junio de 2025, y notificada el 4 de junio de 2025, por el Tribunal de Primera Instancia (TPI), Sala de San Juan. Mediante el referido dictamen, el TPI declaró *no ha lugar* la solicitud de desestimación presentada por el Sr. Ramón E. Ortiz Cortés, en la que solicitó que se desestimara la demanda en su carácter personal.

De conformidad con la discreción que nos confiere la Regla 7(B)(5) de nuestro Reglamento[1], resolvemos denegar la expedición del auto de *certiorari*, sin trámite ulterior.

---

[1] Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).

## I.

El 2 de enero de 2025, Eagle Police LLC (Eagle Police) presentó ante el TPI la demanda de epígrafe, sobre cobro de dinero, incumplimiento de contrato, daños y perjuicios contractuales, fraude de acreedores y descorrer el velo corporativo, en contra de CVG, LLC y varios codemandados, incluidos los esposos Ortiz-Alizo.[2] El 22 de abril de 2025, Eagle Police presentó su tercera demanda enmendada.[3]

El 24 de abril de 2025, el codemandado Ramón E. Ortiz Cortés (Sr. Ortiz Cortés) instó una *Solicitud de Desestimación al Amparo de la Regla 10.2(5) de Procedimiento Civil*.[4] En síntesis, expuso que Eagle Police carecía de una causa de acción en su contra. Al respecto, precisó que Eagle Police había presentado una demanda enmendada contra múltiples partes, incluyendo al Sr. Ortiz Cortés, imputándole responsabilidad solidaria por un alegado incumplimiento contractual entre Eagle Police y CVG, LLC. El Sr. Ortiz Cortés alegó que de la propia narrativa de la demanda surgía que él no firmó los contratos, ni participó en las negociaciones, ni garantizó obligación alguna, y que cesó como administrador de la entidad CVG, LLC antes de que surgiera la deuda líquida y exigible. Indicó que en la demanda no se alegó que él hubiera actuado *ultra vires* o que hubiera recibido beneficio económico alguno derivado de la transacción en cuestión. Añadió que las alegaciones en su contra son conclusorias, genéricas y carentes de hechos específicos que sustenten una reclamación plausible que justifiquen la concesión de un remedio en su carácter personal, conforme al estándar establecido por el Tribunal Supremo en *Costas Elena y otros v. Magic Sport y otros*, 213 DPR 523 (2024).

---

[2] SUMAC-TA, Apéndice del recurso, entrada 1.
[3] *Íd.,* pág. 21.
[4] *Íd.,* entrada 45.

Además, en su solicitud de desestimación, el Sr. Ortiz Cortés, adujo que las causas de acción basadas en fraude de acreedores y descorrimiento del velo corporativo incumplían con los requisitos de especificidad exigidos por la Regla 7.2 de Procedimiento Civil[5] y carecían de alegaciones que configuraran una excepción válida al principio de responsabilidad limitada. En fin, El Sr. Ortiz Cortés indica que fue incluido como parte demandada sin fundamento fáctico y jurídico, y su única actuación alegada, firmar un certificado de enmienda corporativa meses antes de la deuda. Por lo anterior, solicitó que se desestimara la reclamación incoada en su carácter personal.

El 27 de mayo de 2025, Eagle Police presentó su oposición a la moción de desestimación. Expuso que no debía desestimarse la reclamación en contra del Sr. Ortíz Cortés porque, al evaluar las alegaciones fácticas de la forma más favorable a la demandante, surgía una reclamación válida en su carácter personal. En específico, indicó que la demanda asevera que, para cuando se incurrió en el incumplimiento del contrato objeto de la acción judicial, el Sr. Ortiz Cortés era presidente y administrador de CVG LLC con capacidad para contratar y/o delegar a un representante dicha contratación; que, cuando ya se había acumulado una deuda por falta de pago, el Sr. Ortiz Cortés transfirió la entidad a otro de los codemandados; y que la venta de esos activos luego de acumulada la deuda tenían como objetivo defraudar el derecho de Eagle Police a reclamar su pago.

Al día siguiente, el Sr. Ortiz Cortés presentó una réplica.[6]

El 4 de junio de 2025, el TPI notificó la resolución mediante la cual declaró *no ha lugar* a la solicitud de desestimación presentada

---

[5] 32 LPRA Ap. V, R. 7.2.
[6] SUMAC-TA, Apéndice del recurso, entrada 46.

por el Sr. Ortiz Cortés. En su dictamen, el tribunal expresó, en lo aquí pertinente, lo siguiente:

> En su Demanda Enmendada III, EAGLE POLICE, LLC alega que Ortíz Cortés no solo traspasó su interés en CVG, LLC sino que causó que CVG, LLC incurriera en una venta de sus activos e fraude de acreedores y en beneficio de Ortiz Cortés y la sociedad de gananciales compuesta por él y su cónyuge.[7]

El 9 de junio de 2025, el Sr. Ortiz Cortés presentó *Moción de Reconsideración*.[8] Argumentó que la resolución impugnada no identifica con precisión qué hechos específicos, alegados en la demanda enmendada, serían suficientes para atribuirle responsabilidad personal. Reiteró que ninguna de las alegaciones cumple con los requisitos mínimos para sostener una causa de acción válida. Sobre el particular, enfatizó que la demanda no lo vincula con la contratación de Eagle Police, no lo identifica como parte del contrato, ni alega que haya firmado, consentido, negociado, garantizado, recibido beneficios, o participado en acto alguno que justifique un reclamo. Solicitó, por tanto, que el tribunal reconsiderara su resolución, desestimando con perjuicio las causas de acción incoadas en su contra y condenando al demandante al pago de honorarios por temeridad conforme a la Regla 44.1(d) de Procedimiento Civil.

El 15 de junio de 2025, el Sr. Ortiz Cortés presentó su Contestación a Demanda y Reconvención.[9]

El 2 de julio de 2025, notificada ese mismo día, el TPI dictó orden mediante la cual declaró *ni ha lugar* la solicitud de reconsideración del Sr. Ortiz Cortés.[10]

Inconforme, el 21 de julio de 2025, el Sr. Ortiz Cortés instó el presente recurso de *certiorari* y apuntó el siguiente señalamiento de error:

---

[7] *Íd.*, entrada 50.
[8] *Íd.,* entrada 51.
[9] *Íd.,* entada 54.
[10] *Íd.,* entrada 60.

Erró y abusó de su discreción el Tribunal de Primera Instancia al denegar la moción de desestimación presentada por el Sr. Ramón E. Ortiz Cortés, al concluir que la demanda enmendada articulaba una reclamación plausible en su contra, pese a que no identificó hechos específicos que le atribuyeran participación contractual, actuación dolosa o beneficio personal, y a pesar de que las alegaciones invocadas eran meramente conclusorias, genéricas y carentes del contenido fáctico requerido por la Regla 10.2(5) y el estándar de plausibilidad establecido en *Costas Elena v. Magic Sport*, 213 DPR 523 (2024), incluyendo teorías extraordinarias como el fraude de acreedores y el descorrimiento del velo corporativo que no fueron debidamente alegadas conforme a la Regla 7.2 ni sustentadas en hechos verificables.

## II.

### A.

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior.[11]

Ante un recurso de *certiorari* civil, tenemos que evaluar nuestra autoridad para expedir el mismo al amparo de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.[12] Ésta dispone que, el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente se expedirá por el Tribunal de Apelaciones cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo.

No obstante, y por excepción a lo dispuesto anteriormente, el foro apelativo podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una

---

[11] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).
[12] *Caribbean Orthopedics v. Medshape et al.,* supra.; *Scotiabank v. ZAF Corp.,* 202 DPR 478, 486 (2019).

apelación constituiría un fracaso irremediable de la justicia. Según dispuesto en la Regla 52.1, *supra,* al denegar la expedición de un recurso de *certiorari,* el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Superado dicho análisis, y aun cuando un asunto esté comprendido dentro de las materias que podemos revisar de conformidad con la Regla 52.1, *supra,* para poder ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento[13], se justifica nuestra intervención. Estos criterios son:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En fin, la Regla 52.1 de Procedimiento Civil, *supra,* enumera en forma taxativa aquellas instancias en las cuales el Tribunal de Apelaciones no acogerá una petición de *certiorari,* mientras que la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* guía la discreción de este foro en aquellos asuntos en los que sí se permite entender, pero en los que los jueces ejercerán su discreción.[14]

---

[13] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).
[14] *Torres González v. Zaragosa Meléndez,* 211 DPR 821, 849 (2023).

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro.[15] Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado para que continúen sin mayor dilación los procedimientos del caso ante el foro primario.

**B.**

El Tribunal Supremo ha establecido que los foros revisores no interfieren con las facultades discrecionales de los foros primarios, exceptuando aquellas circunstancias en las que se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[16] Además, se requiere que la intervención en esta etapa evite un perjuicio sustancial.[17]

La discreción judicial se define como "'una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión Justiciera'".[18] El ejercicio de este discernimiento se encuentra estrechamente relacionado con el concepto de razonabilidad.[19] Así pues, la discreción no implica que los tribunales puedan actuar de una forma u otra en abstracción del resto del derecho.[20]

El Tribunal Supremo ha expresado que un tribunal abusa de su discreción:

---

[15] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

[16] *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 210; *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 497 (2022); *Rivera y otros v. Bco. Popular*, supra, pág. 155.

[17] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

[18] *Rivera et al. v. Arcos Dorados et al.,* supra, citando a *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 657–658 (1997).

[19] *VS PR, LLC v. Drift-Wind*, 207 DPR 253, 272 (2021); *Rivera y otros v. Bco. Popular*, supra.

[20] *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013); *Bco. Popular de P.R. v. Mun. de Aguadilla*, supra, pág. 658.

> [...] cuando el juez no toma en cuenta e ignora en la decisión que emite, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando el juez, por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en éste, o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez los sopesa y calibra livianamente.[21]

### C.

Las *alegaciones* son "los escritos mediante los cuales las partes presentan los hechos en que apoyan o niegan sus reclamaciones o defensas".[22] Su propósito es "notificar a grandes rasgos cuáles son las reclamaciones y defensas de las partes".[23] Por tanto, cualquier alegación mediante la cual una parte solicite un remedio – por ejemplo, una demanda – incluirá una relación sucinta y sencilla de los hechos que demuestran que procede el remedio solicitado y la solicitud del remedio que se alega debe concederse.[24]

Por su parte, la Regla 10.2 de Procedimiento Civil[25], permite que un demandado en una demanda, reconvención, demanda contra coparte, o demanda contra tercero, solicite al tribunal la desestimación de las alegaciones en su contra. La mencionada regla establece lo siguiente:

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada:
>     (1) falta de jurisdicción sobre la materia;
>     (2) falta de jurisdicción sobre la persona;
>     (3) insuficiencia del emplazamiento;
>     (4) insuficiencia del diligenciamiento del emplazamiento;
>     **(5) dejar de exponer una reclamación que justifique la concesión de un remedio;**
>     (6) dejar de acumular una parte indispensable.[26]

---

[21] *SLG Zapata Rivera v. J.F. Montalvo*, supra, citando a *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009)).

[22] *Conde Cruz v. Resto Rodríguez et al.,* 205 DPR 1043, 1061 (2020), citando a R. Hernández Colón, *Derecho Procesal Civil*, 6ta ed., San Juan, Ed. Lexis Nexis, 2017, Sec. 2202, pág. 279.

[23] *Íd.,* pág. 1062.

[24] Regla 6.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.1.

[25] 32 LPRA Ap. V, R. 10.2.

[26] *Íd.* (Énfasis suplido).

A los fines de disponer de una moción de desestimación por el fundamento de que la demanda no expone una reclamación que justifique la concesión de un remedio, los tribunales vienen obligados a tomar como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y considerarlos de la manera más favorable a la parte demandante.[27] Dentro del ejercicio de su discreción, el foro primario no deberá desestimar la demanda a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación.[28] Es decir, la desestimación procede cuando de los hechos bien alegados en la demanda no se puede identificar una relación entre los hechos alegados y el derecho sustantivo que genera la responsabilidad del demandado hacia el demandante.[29] Cónsono con lo anterior, a pesar de interpretar liberalmente la demanda, corresponde la desestimación si no hay remedio alguno disponible en nuestro estado de derecho.[30]

Por consiguiente, es necesario considerar si, a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida.[31] Así pues, para que un demandado prevalezca cuando presente una moción de desestimación al amparo de la Regla 10.2 (5), *supra,* debe establecer con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que pueda probarse en apoyo a su reclamación,

---

[27] *Costas Elena y otros v. Magic Sport y otros,* 213 DPR 523, 533 (2024); *Eagle Security v. Efrón Dorado et al,* 211 DPR 70, 78 (2023); *Cobra Acquisitions v. Mun. de Yabucoa et al.,* 210 DPR 384, 396 (2022); *Rivera Sanfeliz et al. v. Jta. Dir. FirstBank,* 193 DPR 38, 49 (2015); *Colón Rivera et al. v. ELA,* 189 DPR 1033, 1049 (2013).

[28] *Consejo de Titulares v. Gómez Estremera et al.,* 184 DPR 407, 423 (2012); *Pressure Vessels P.R. v. Empire Gas P.R.,* 137 DPR 497, 505 (1994).

[29] *Torres, Torres* v. *Serrano Torres,* 179 DPR 481, 501 (2010).

[30] *Ortiz Matías et al.* v. *Mora Development,* 187 DPR 649, 654 (2013).

[31] *Costas Elena y otros v. Magic Sport y otros,* supra, pág. 534; *Eagle Security v. Efrón Dorado et al,* supra, pág. 78; *Cobra Acquisitions v. Mun. de Yabucoa et al.,* supra, pág. 396; *Pressure Vessels P.R. v. Empire Gas P.R.,* supra, pág. 505.

aun interpretando la demanda de la forma más liberal posible a su favor.[32]

### III.

Al evaluar la petición de *certiorari,* concluimos que, aun cuando se recurre de la denegatoria de una moción de carácter dispositivo -asunto contemplado en los supuestos sujetos a revisión de la Regla 52.1 de Procedimiento Civil, *supra*- la solicitud del Sr. Ortiz Cortés no cumple con ninguno de los criterios de la Regla 40 del Reglamento de este Tribunal, *supra.*

Al aplicar los criterios de la Regla 10.2(5) de Procedimiento Civil, *supra,* es decir, al considerar como ciertas las alegaciones e interpretarlas de la manera más favorable para Eagle Police, coincidimos con el TPI en que no procede desestimar la demanda instada en cuanto al Sr. Ortiz Cortés. De la lectura de sus alegaciones, no podemos concluir que Eagle Police carezca de remedio alguno contra de dicho codemandado. Más aún cuando las partes apenas han iniciado las divulgaciones iniciales de prueba a tenor con la Regla 37.1 de Procedimiento Civil, 32 LPRA Ap. V.[33]

Así pues, la actuación del foro recurrido de denegar la moción de desestimación descansó en el ejercicio de su sana discreción y una interpretación favorable de los hechos bien alegados en la demanda, según requiere el estándar de la Regla 10.2(5) de Procedimiento Civil, *supra.* El Sr. Ortiz Cortés no presentó argumentos que demuestren que, al emitir su determinación, el TPI actuara de forma arbitraria o caprichosa, o en abuso de su discreción o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho. Tampoco demostró que, al

---

[32] *Costas Elena y otros v. Magic Sport y otros,* supra, pág. 534.
[33] Véase, Orden Inicial de Calendarización emitida el 3 de junio de 2025, entrada núm. 49 del expediente electrónico del caso SJ2025CV00011 en SUMAC.

denegar la solicitud de desestimación, el TPI hubiera incurrido en un fracaso de la justicia.

En fin, el examen detenido del expediente apelativo y de los documentos que conforman el apéndice, vistos a la luz de la normativa que nos guía en el ejercicio revisor, nos lleva a concluir que no se configura ninguna circunstancia que justifique expedir el auto discrecional solicitado.

Ante dicho escenario, nos abstenemos de intervenir con el dictamen recurrido.

**IV.**

En virtud de lo antes expuesto, denegamos expedir el auto de *certiorari.*

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones